IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

FREDERICK SHAWNEE CARTER,

    Plaintiff,

v.      Case No. 2:23-cv-00812

FAYETTE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are Defendants' Motion to Dismiss Amended Complaint [ECF No. 34] and Defendants' Motion to Strike Plaintiff's Sur-replies [ECF No. 47]. By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of these pending motions to the Magistrate Judge is **WITHDRAWN,** and the undersigned will proceed to rule thereon.

I.    Relevant procedural history and Plaintiff's amended allegations.

On August 14, 2024, the Court entered a Memorandum Opinion and Order denying, without prejudice, Defendants' first motion to dismiss concerning Plaintiff's initial complaint, finding that the complaint failed to state a plausible claim upon which relief can be granted. [ECF No. 29]. However, the Court further granted leave

to Plaintiff to file an amended complaint and explicitly directed that he must state, with particularity, the specific constitutional, statutory, or common law rights he believed each defendant had violated and support each claim with specific facts, including <u>when and how</u> each defendant was involved in the violation of his rights. [*Id.* at 14].

Plaintiff filed his Amended Complaint on August 26, 2024. [ECF No. 31]. The amended complaint, which is appreciably shorter than the initial complaint, names the following defendants: Fayette County Sheriff Friedley, Fayette County Sheriff's Department, Fayette County Deputy Cogar, Deputy Powell, Deputy Roles, Deputy John Doe #1 Red Beard, and Deputy John Does #2, #3, and #4. As noted in the Court's prior Memorandum Opinion and Order, Plaintiff's initial complaint appeared to allege instances of excessive force by Fayette County Deputy Sheriffs, namely Defendants Cogar and Powell (along with other deputies whom Plaintiff could not identify), as well as vague claims of false arrest, wrongful imprisonment, and defamation. However, Plaintiff could not specify when two of those incidents occurred and the complaint was otherwise short on details concerning his arrests.

Paragraph 1 of the amended complaint contains new allegations that, on September 23, 2023 (Plaintiff's birthday), Defendant Powell arrested and imprisoned Plaintiff on a warrant that contained inaccurate information (name, license number, birth date, social security number). [ECF No. 31 at 1, ¶ 1]. However, the amended complaint provides no further details concerning the basis of the arrest or what happened thereafter. Plaintiff merely states that "[t]his was absurd and a warrant

should never have been produced." [*Id.*]

Paragraph 2 of the amended complaint states that, "on a date unknown, Deputy Powell used derogatory and slanderist [sic] remarks to this Plaintiff and he [Plaintiff] did file a formal complaint for the second time against this Deputy." [ECF No. 31 at 1, ¶ 2]. That paragraph further states that, on a prior unknown date, while Deputy Powell was a Montgomery City Police Officer (apparently before she became a Fayette County Deputy Sheriff), she made other derogatory remarks and "defamation of character" against Plaintiff in Montgomery, WV. [*Id.*]

In paragraph 3 of the amended complaint, Plaintiff further alleges that, on an unspecified date, Deputy Powell illegally obtained evidence, without consent, from a third party, Jeremy Humphrey's, cell phone, that was used to obtain a warrant for Plaintiff's arrest that again contained incorrect information. [*Id.* at 2, ¶ 3]. The amended complaint states that Plaintiff was arrested on this warrant (without stating the charge) and was bound over to a grand jury, but he was not indicted. [*Id.*]

The amended complaint next addresses Plaintiff's arrest by Deputy Cogar, who allegedly pulled Plaintiff over for an admitted traffic violation and arrested him on a warrant for fleeing from an officer (which allegedly again contained incorrect information), and used excessive force against him, both at the scene and on the way to the police station. [*Id.* at 2, ¶ 4]. Although the initial complaint addressed this incident and additional force allegedly used against Plaintiff following this arrest, it did not state the date on which this incident occurred. The amended complaint now references "10/14/22?" as the date of this incident. [*Id.*]  Although the amended

complaint does not specifically allege what force was used by Cogar at the scene,[1] it alleges that Cogar used racial slurs against Plaintiff and then, after cuffing him, placed him in the back seat of his cruiser and intentionally drove erratically, causing Plaintiff to be thrown around the back seat of the vehicle. [*Id.*] Plaintiff further alleges that, upon arrival at the station, Cogar intentionally threw Plaintiff face down on the concrete, "doing all solely to inflict pain!" [*Id.*]

Paragraph 5 of the amended complaint also again alleges that, once Plaintiff arrived at the police station, additional force was used against him by Deputies Powell, Cogar, and a handful of other officers whom Plaintiff cannot specifically identify (currently named as John Does ##1-4). [*Id.* at 2, ¶ 5]. The amended complaint states that these Defendants "partook in savagely beating the Plaintiff" who had previously undergone several back surgeries. [*Id.*] Plaintiff further alleges that these officers "taunted him to hit Def. Deputy Powell." [*Id.*] He further describes Defendant "John Doe #1" as having a "Red Beard" and specifically alleges that he punched Plaintiff "in his surgically repaired spine." [*Id.*] Plaintiff contends that he was so badly injured by this conduct that he "could not feel his legs" and could not walk. [*Id.* at 3, ¶ 5]. Nonetheless, Plaintiff alleges that Defendant Cogar attempted to take Plaintiff to the Southern Regional Jail ("SRJ"), where the staff was reluctant to admit him, rather than taking him to the hospital. [*Id.*]

---

[1] The initial complaint alleged that Cogar "violently" swept Plaintiff's legs out from under him, while he was handcuffed, causing him to fall and injure his right hip. [ECF No. 2 at 6]. However, those allegations are not repeated in the amended complaint, which supersedes the initial complaint herein.

Paragraph 6 of the amended complaint then switches gears and repeats Plaintiff's previous allegations about wrecking his GMC Denali on another unknown date (suggesting only that this incident occurred "a couple of months" after his arrest and beating that allegedly occurred on "10/14/22"). [*Id.* at 3-4, ¶ 6]. Like the initial complaint, Plaintiff claims that Defendant Powell arrived at the scene of this incident and "made [Plaintiff] take every test under the sun trying to arrest [him]" and then "physically assaulted" him as he laid on a gurney. [*Id.* at 3]. He further contends that Deputy Cogar and "John Doe #1 Red Beard" arrived later and used "derogatory and racist slurs in front of civilians there" and "pulled their weapons" on Plaintiff when he refused to leave the scene. [*Id.* at 4]. Plaintiff further contends those Defendants told him to "Kick Rocks!" and made him walk six miles to his residence. [*Id.*]

Paragraph 7 of the amended complaint then addresses Plaintiff's arrest for first degree arson, which, he alleges, occurred on November 4, 2023. [*Id.* at 4, ¶ 7]. The amended complaint clarifies that this arrest was made by Deputy Larissa Roles, who allegedly "falsely accused and wrongfully imprisoned this Plaintiff." [*Id.*] Plaintiff further alleges that the arson charges were false because "no dwelling, outhouse, [or] building ever caught fire" and that he had been falsely imprisoned for more than nine months without being indicted by a grand jury. [*Id.*][2]

Paragraph 8 of the amended complaint further appears to allege claims against the Fayette County Sheriff's Department and its former Sheriff, Michael Friedley,

---

[2] According to the docket sheet herein, Plaintiff has since been released from custody and is residing in Kimberly, West Virginia. The Court does not know the status of any criminal charges against him.

5

asserting that the "Department and Deputies thereof [have] the propensity to treat the Plaintiff biasedly, prejudicially, and racistly, [and have] caused humiliation, emotional distress, pain and suffering and excessive bail!" [*Id.* at 4, ¶ 8]. Throughout the amended complaint, Plaintiff makes conclusory assertions that the Defendants used "excessive force and cruel and unusual punishment," "wrongfully arrested and imprisoned" him, and committed "slander/tort." [*Id.* at 2, 3, 4]. However, the amended complaint does not cite to any specific federal or state constitutional, statutory, or common law basis for his claims, as previously ordered by the Court.

## II.   Pending motions and related briefing.

On September 9, 2024, Defendants filed a renewed Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 34] and a Memorandum of Law in support thereof [ECF No. 35], asserting that Plaintiff's amended complaint does not cure the deficiencies previously pointed out by the Court and fails to state any plausible claim for relief against them. [ECF No. 35 at 5-10]. Their memorandum claims that the allegations in the amended complaint still do not provide fair notice of the claims against each Defendant as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. [*Id.*]

After receiving an extension of time due to a change of address, which caused a delay in Plaintiff's receipt of Defendants' motion, Plaintiff filed a simple two-page response to the motion to dismiss, in which he made conclusory statements that "these Defendants did engage in illegal acts mainly subjecting this Plaintiff to abuse, assault which in essence did violate his Amendment rights" and "[t]hese Defendants

have shown a strong propensity to commit acts against this Plaintiff and others within their jurisdiction which strongly violates individuals like this Plaintiff's rights by abuse, assault and wrongful prosecution." [ECF No. 41 at 2]. Plaintiff also again refers to being "wrongfully incarcerated for 10 months without any prosecution or indictment." [*Id.*]

On December 11, 2024, Defendants filed a reply brief contending that Plaintiff's response is "entirely unresponsive to the arguments asserted" in their motion to dismiss and "did nothing to comply with this Court's order or remedy the deficiencies present in his original Complaint." [ECF No. 43 at 1-2]. They contend that his amended complaint "does not pass the muster of the applicable plausibility pleading standard" and fails to "articulate any sufficiently realized version of facts which would give rise to any potential claims." [*Id.* at 2]. Thus, Defendants request that the amended complaint be dismissed with prejudice. [*Id.*]

Thereafter, without seeking and obtaining leave of court, Plaintiff filed three additional documents, which are construed as unauthorized sur-replies. [ECF Nos. 44, 45, and 51]. Plaintiff also filed a "List of Interrogatories" [ECF No. 46], which the Court deems as premature. These additional documents serve only to further muddy the waters concerning an already convoluted and incomplete amended complaint. The sur-replies contain inconsistent dates that conflict with those in the amended complaint and with the other sur-reply documents, and largely address irrelevant and untimely additional facts. For example, the unauthorized sur-reply in ECF No. 44 now states that Plaintiff's arrest by Defendant Cogar occurred on "1/28/23" not

7

"10/14/22." [ECF No. 44 at 1]. It also addresses, for the first time, an arrest warrant allegedly obtained by Defendant Powell on "8/12/22," a date that was not specifically referenced in either the initial or amended complaints, but appears to concern the warrant allegedly obtained using evidence from Jeremy Humphrey's cell phone, which is vaguely addressed in the amended complaint. [*Id.* at 3-4]. This unauthorized sur-reply also changes the date of Plaintiff's alleged arrest by Defendant Roles for first degree arson to "12/6/23." [*Id.* at 8].

While Plaintiff may be attempting to cure some of the deficiencies that went uncorrected in his amended complaint, he may not do so through additional briefing. *See, e.g., Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (unpublished) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion . . . ."); *Clement v. Spartanburg Steel Prod., Inc.*, No. 7:22-cv-173-MGL-KFM, 2022 WL 19266406, at *4 (D.S.C. Dec. 2, 2022), *report and recommendation adopted*, 2023 WL 2655183 (D.S.C. Mar. 27, 2023); *Adams v. 3D Sys., Inc.*, No. 0:19-cv-663-JMC, 2020 WL 1283712, at *2 (D.S.C. Mar. 18, 2020) ("[I]n ruling on a motion to dismiss under Rule 12(b)(6), the court may only look to the allegations of the complaint . . . [and] the Court will not consider any additional facts that were not alleged in the complaint.") (citations and internal quotation marks omitted). Accordingly, the Court will not consider any additional facts that were not alleged in the amended complaint.

Plaintiff's second unauthorized sur-reply [ECF No. 45] is a 24-page document in which he appears to present an extensive background of his alleged issues and

interactions with Fayette County law enforcement officials going as far back as 1981, when Plaintiff was 17 or 18 years old. While such facts may lend to Plaintiff's contentions that Defendants herein have a vendetta against him, they are largely irrelevant to the instant allegations and are certainly untimely under the applicable statute of limitations. Furthermore, Plaintiff again inconsistently lists the dates of the events discussed in the amended complaint.

Defendants thereafter moved to strike Plaintiff's additional unauthorized filings. [ECF No. 47]. On January 27, 2025, Plaintiff responded to the motion to strike and agreed to withdraw his first set of interrogatories, but requested an evidence preservation order. [ECF No. 49]. This document and another "Statement of Facts Showing Cause to Plaintiff's Claims" filed by Plaintiff on July 31, 2025 [ECF No. 51] again attempt to restate Plaintiff's factual allegations and contain dates inconsistent with those in the amended complaint. This piecemeal litigation approach through unauthorized filings is not appropriate. Accordingly, it is hereby **ORDERED** that Defendants' Motion to Strike Unauthorized Sur-replies [ECF No. 47] is **GRANTED** and Plaintiff's filings in ECF Nos. 44, 45, 46, 49, and 51 are **STRICKEN** from the record. The Court will proceed to consider Defendants' motion to dismiss based only on the amended complaint contained in ECF No. 31.

### III. Standard of Review

A motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the

9

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When "faced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of simple possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## IV. Discussion

Defendants interpret Plaintiff's amended complaint to raise four claims: (1) violations of 42 U.S.C. § 1983; (2) wrongful imprisonment; (3) slander; and (4) an unspecified "tort." [ECF No. 35 at 5]. However, they further assert that "Defendants are completely unclear what type of 42 U.S.C. § 1983 claim is being alleged against them." [*Id.* at 8]. As noted above, Defendants contend that Plaintiff's amended complaint "does nothing to remedy the deficiencies of [his] original complaint" despite being instructed to support each claim with "specific factual allegations about each

10

Defendant's actions or omissions" including "when and how" each defendant violated his particular "constitutional, statutory, or common law rights." [*Id.*]

Defendants further assert that "Plaintiff uses the same phrases to describe Defendants' actions like 'use[d] racial slurs,' 'savagely beat,' 'physically assaulted,' and similar catch-all phrases to those contained in the original Complaint, without sufficiently alleging the actual nature of any communications or conduct between Plaintiff and Defendants." [*Id.* at 6]. They further contend that Plaintiff's failure to state the specific legal nature of his claims and the use of conclusory phrases fails to comply with the Court's prior order and does not remedy the identified deficiencies or overcome the prior finding that the complaint failed to state a plausible claim for relief. [*Id.*] Consequently, Defendants assert that the amended complaint also fails to provide fair notice to the Defendants and fails to state the elements of any plausible claim against them, thus warranting dismissal of the amended complaint. [*Id.*] The Court agrees.

While Plaintiff's allegations that he was "wrongfully arrested and imprisoned" by Defendant Powell on September 23, 2023, based on a facially invalid warrant [ECF No. 31 at 1, ¶ 1], could be liberally construed as a Fourth Amendment claim actionable under 42 U.S.C. § 1983, or a claim of false arrest, false imprisonment, or malicious prosecution under West Virginia law, the amended complaint fails to provide any specific information surrounding this arrest warrant and fails to specifically identify the legal basis for his claim(s), as explicitly required by the Court's prior order. Thus, Plaintiff has not placed the Court or Defendants on fair

notice of the basis of his claims. "[C]ourts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor it is the province of this Court to advocate for a pro se plaintiff or make his claims for him. While this Court is required to liberally construe pro se filings, it may not "conjure up and decide issues never fairly presented" to it. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Accordingly, the Court **FINDS** that these allegations are insufficiently pled and fail to state a claim upon which relief can be granted.

Plaintiff's allegations that Defendants Powell, Cogar, and John Doe #1 Red Beard used "derogatory," "slanderous," or "racial" remarks likewise fail to state a plausible claim for relief. Not only does the amended complaint not specify the remarks allegedly made and when they were made, he makes only a conclusory reference to "defamation of character" without providing any specific facts to support what could, at best, be liberally construed as a state law claim of defamation.

Under West Virginia law, "[t]he essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Belcher v. Wal-Mart Stores, Inc.*, 568 S.E.2d 19, 26 (W. Va. 2002); *see also Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70 (W. Va. 1983). "[T]o have a defamation claim, a plaintiff must show that false and defamatory statements were made against him, or relating to him, to a third party who did not have a reasonable right to know, and that the statements were made at least negligently on the part of the party making

the statements, and resulted in injury to the plaintiff." *Bine v. Owens*, 542 S.E.2d 842, 846 (W. Va. 2000). Here, Plaintiff's vague and conclusory allegations that Powell (or any other Defendant) used "derogatory," "racist, or "slanderous" remarks, without more, is wholly insufficient to satisfy these elements. Accordingly, the Court **FINDS** that Plaintiff's amended complaint fails to state a plausible state law defamation claim upon which relief can be granted.[3]

To the extent that Plaintiff further alleges that Defendant Powell used "illegally obtained evidence" from a cell phone belonging to a third party in order to acquire an "invalid arrest warrant" for Plaintiff "without his consent," those allegations also fail to state a plausible claim for several reasons. First, Plaintiff fails to indicate when this alleged arrest warrant was issued and executed and further fails to identify the charges upon which it was based. Plaintiff also, again, fails to identify the basis of his legal claims. These allegations are simply too threadbare for the Court or Defendants to fairly identify a plausible claim for relief.

Turning to Plaintiff's allegations concerning his arrest by Defendant Cogar on or about 10/14/22, and the alleged uses of excessive force against him on that date, although the amended complaint does not specify what force was used by Cogar at the scene, it alleges that Cogar used "racial slurs" against him, cuffed him, placed him in the back seat of his cruiser without a seat belt, and then intentionally drove erratically, causing Plaintiff to be thrown around the back seat of his vehicle.

---

[3] Moreover, as the parties all appear to be citizens of the State of West Virginia, Plaintiff must first establish a basis for subject matter jurisdiction based upon a plausible federal claim, and only then could this Court entertain state law claims under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1331, 1332, and 1367.

Plaintiff further alleges that, upon arrival at the station, Cogar intentionally threw Plaintiff face down on the concrete, "[d]oing all solely to inflict pain!" [ECF No. 31 at 2, ¶ 4].

Then, according to paragraph 5 of the amended complaint, once inside the station, Plaintiff alleges that Cogar, Powell, and other unidentified deputies "partook in severely beating the Plaintiff to the point where he could not walk . . . ." [*Id.* at 2-3, ¶ 5]. Plaintiff specifies that he was "taunted to hit Deputy Powell" and was "punched" by an unidentified deputy (referred to as having a "Red Beard") in his "surgically repaired spine." [*Id.*] Despite allegedly being unable to walk, Plaintiff further alleges that Defendant Cogar attempted to take him directly to the SRJ instead of the hospital. [*Id.*]

Defendants' renewed motion documents infer from these facts that Plaintiff is bringing his claims of excessive force under the Fourth Amendment. Their memorandum states:

> Plaintiff does appear to allege that Defendants used excessive force against him in the undated incident(s) where Plaintiff refused to pull over and at the police station after his arrest for this same incident. Based on Defendants' reading of this handwritten Complaint, it appears these Fourth Amendment excessive force claims are the only 42 U.S.C. § 1983 claims being alleged against all Defendants as well as the "John Doe" Defendants. However, to the extent Plaintiff intends to allege any other type of 42 U.S.C. § 1983 claim, this claim was not sufficiently plead and Defendants have not been placed on notice of the claims pending against them. Accordingly, Plaintiff's Amended Complaint must be dismissed to the extent he seeks to allege any other type of 42 U.S.C. § 1983 claim against these Defendants.

[ECF No. 35 at 8].

As stated above, however, even under the liberal construction afforded to pro se litigants, Defendants and this Court should not have to guess at the nature of the claim(s) asserted by Plaintiff, who was provided with specific instructions to state the constitutional, statutory, or common law basis for each of his claims. Plaintiff failed to comply with the Court's prior order, which provided him an opportunity to cure the deficiencies in his initial complaint. His amended complaint still fails to sufficiently state any legal basis for his excessive force claims. Accordingly, the Court **FINDS** that it fails to state a plausible claim for relief.

Plaintiff's additional vague references to another undated incident during which Defendant Powell allegedly assaulted him while he was laying on a gurney following a car wreck, after which Defendant Cogar and John Doe # 1 Red Beard taunted him with derogatory and racist slurs in front of civilians, still fail to indicate where and when this allegedly occurred. Moreover, other than conclusory references to "slander/tort/excessive force and intimidation," the amended complaint fails to allege any specific federal or state law basis for such a claim. Likewise, with respect to Plaintiff's allegations concerning his arrest by Defendant Roles for first degree arson, the amended complaint once again fails to provide any specific federal or state law basis for his claim(s), making only a conclusory assertion that Roles "falsely accused and wrongfully imprisoned" him, and the Court and Defendants are again left to guess the exact nature of his claim(s). The Court **FINDS** that these allegations are also insufficiently pled to give rise to any plausible claim for relief.

Finally, Plaintiff has ignored the Court's previously admonition that the Fayette County Sheriff's Department is not, itself, a "person" under § 1983 and, thus, is not a proper party herein.[4] Nonetheless, as with the initial complaint, even if the Court were to liberally construe Plaintiff's conclusory allegations to, instead, be pled against the Fayette County Commission, such allegations are still insufficient to support a claim of municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As aptly noted by the Defendants' renewed motion, the Sheriff and the County cannot be held vicariously liable for the actions of their subordinates under a theory of *respondeat superior*. *See Franklin v. City of Charlotte*, 64 F.4th 519, 530 (4th Cir. 2023); *Est. of Jones v. City of Martinsburg*, 961 F.3d 661, 672 (4th Cir. 2020). [ECF No. 35 at 8].

Rather, as addressed in the Court's prior order, a municipality or political subdivision may not be held liable under § 1983 unless it inflicts a constitutional injury by adopting a "policy" or "custom" that is the "moving force" behind the

---

[4] A sheriff's department is not a proper party because it does not meet the definition of a "person" under § 1983. 42 U.S.C. § 1983. *See Booker v. Fayette Cty. Sheriff's Dep't*, No. 2:14-cv-11523, 2015 WL 2344849, at *3 (S.D.W. Va. May 14, 2015); s*ee also Morton v. Welcome*, No. 3:12-cv-126, 2013 U.S. Dist. LEXIS 106516, at *4 (N.D.W. Va. May 23, 2013) ("The Berkeley County Sheriff's Department and the Martinsburg City Police Department are not proper defendants because these entities are not persons subject to suit under 42 U.S.C. § 1983."); *Buhro v. Dent*, No. 5:13–cv–81, 2014 WL 460937, at *3 (N.D.W. Va. Feb. 5, 2014) (noting that sheriff's department and police department in *Morton* "were not proper party defendants as they are integral parts of the city/county government and are merely the vehicle through which the city/county government fulfills its policing functions"). As further noted in *Terlosky v. Matthews*, No. 5:11-cv-6, 2011 WL 1302238, at *2 (N.D.W. Va. Mar. 31, 2011), a sheriff's department "has no status independent of the Sheriff" and is not a governing body of the county. Rather, the proper party in these situations is the sheriff or the county commission. *Id.* at *2 ("As the Fourth Circuit has observed, 'in the realm of county law enforcement,' it is not the office of the sheriff but 'the sheriff [who] is the duly delegated policy maker for the county.' *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989). Therefore, a claim against the office of the sheriff is 'effectively a claim against the governing body of the . . . County.'").

constitutional injury. *Id.* at 694-95; *see also Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) ("[N]ot every deprivation of a constitutional rights will lead to municipal liability. Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach.") (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999), *abrogated on other grounds by Wilson v. Gaddy*, 559 U.S. 34 (2010)). The Fourth Circuit has identified four ways in which a municipality may adopt a policy or custom establishing a basis for *Monell* liability:

> (1) through an express policy, such as a written ordinance or regulation;
> (2) through the decisions of a person with final policymaking authority;
> (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens;" or (4) through a practice so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle*, 326 F.3d at 471 (alteration in original). A plaintiff must not only prove the policy or custom's existence on one of these bases but must also demonstrate that it caused his or her constitutional injury. *Franklin*, 64 F.4th at 536. Plaintiff's conclusory allegations in the amended complaint concerning the Fayette County Sheriff's Department do not satisfy these requirements.

Likewise, the amended complaint fails to sufficiently allege a claim of supervisory liability against former Sheriff Friedley. As the Court previously noted, the Fourth Circuit has firmly established a weighty burden of proof requiring personal action by a supervisor in the deprivation of a plaintiff's rights. *Iqbal*, 556 U.S. at 677; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). "'Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights,'

or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible." *Id.* (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Plaintiff's amended complaint contains no specific allegations concerning Sheriff Friedley's personal conduct. Accordingly, the Cort **FINDS** that the amended complaint fails to state a plausible claim for relief against either Sheriff Friedley or the Fayette County Sheriff's Department.

Lastly, to the extent that Plaintiff's amended complaint appears to be attempting to hold Defendants liable for his "excessive bail," (which could be actionable under § 1983 through the Eighth Amendment), police officers are not proper parties to claims of excessive bail, as the responsibility for setting bail in criminal matters falls to a member of the judiciary. *See, e.g., Kokinda v. Foster*, No. 3:21-cv-00154, 2024 WL 715962, at *5 (N.D.W. Va. Feb. 21, 2024) (Johnston, C.J., sitting by special designation) ("The amount of bail set is determined by West Virginia's judges – not the State Police."); *Lawrence v. Hansen*, No. 5:15-cv-00494-BO, 2016 WL 7439343, at *2 (E.D.N.C. Dec. 22, 2016) (citing *Moore v. Evans*, 476 S.E.2d 415, 426 (1996) ("[I]t is the magistrate, and not defendant Evans, who is responsible for setting Mr. Moore's bail; therefore, this contention [that his bail was excessive in violation of his Eighth Amendment rights, and consequently § 1983] is without merit"); *Howie v. McGhee*, No. 1:11-cv-00484, 2015 WL 1458046, at *11 (M.D.N.C. 30, 2015) (holding that, where the plaintiff had produced no evidence that the defendant police officers actually set the bail, summary judgment was appropriate for excessive bail claims); *Haizlip v. Richardson*, No. 1:11-cv-00376, 2012

18

WL 2838386, at *5 (M.D.N.C. July 10, 2012) (dismissal of excessive bail claims appropriate where plaintiff has not articulated any facts which show the defendants either had the authority or actually performed the act of setting the allegedly excessive bail for which the plaintiff complained). Thus, the Court **FINDS** that such allegations fail to state a plausible claim for relief against the Defendants herein.

V. **Conclusion.**

For the reasons stated herein, it is hereby **ORDERED** that Defendants' Motion to Strike Sur-Replies [ECF No. 47] is **GRANTED** and Plaintiff's unauthorized sur-replies and discovery requests [ECF Nos. 44, 45, 46, 49, and 51] are **STRICKEN** from the record. The undersigned further **FINDS** that, even after receiving leave to amend his complaint, and being provided with explicit instructions concerning how to cure certain pleading deficiencies, Plaintiff's amended complaint wholly fails to state a plausible claim upon which relief can be granted and is ripe for dismissal under Fed. R. Civ. P. 12(b)(6). Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss Amended Complaint [ECF No. 34] is **GRANTED**, and Plaintiff's Amended Complaint [ECF No. 31], and this civil action, are hereby **DISMISSED** from the docket of the Court.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: September 22, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE